# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| ANNE WARKENTINE, individually and on behalf of a class of others similarly situated, ) ) ) ) Plaintiff, ) ) vs. ) ) SALINA PUBLIC SCHOOLS ) UNIFIED SCHOOL DISTRICT No. 305, ) ) | Case No. 11-4022-JAR/KGG |

## MEMORANDUM AND ORDER

Now before the Court is Plaintiff's Motion to Compel and supporting memorandum (Docs. 16, 17) seeking the production of discovery responses from Defendant relating to individuals who, according to Defendant, do not qualify for certain retirement benefits. The Court has also considered Defendant's Memorandum in Opposition (Doc. 22) and Plaintiff's Reply Memorandum (Doc. 23.) Having reviewed the submissions of the parties, as well as various pleadings in this case, the Court finds Defendant's objections to be without merit. As such, Plaintiff's motion is **GRANTED** as discussed below.

## BACKGROUND

Plaintiff filed a class action Petition in Saline County, Kansas, District

Court, alleging that Defendant wrongly denied certain retirement benefits to Plaintiff as well as members of her proposed class.[1] (*See* Doc. 1-1.) She has defined the potential class as "[a]ll persons who worked for U.S.D. 305, who, pursuant to U.S.D. 305's current interpretation fo the Phase Out Option, did not and/or will not receive the full Part B Phase Out Option."[2] (Doc. 1-1, at 6.)

It is uncontroverted that the lawsuit was preceded by several administrative proceedings between the parties, which included Plaintiff filing a formal grievance as well as a request for arbitration. (Doc. 17, at 1; Doc. 22, at 1.) During these proceedings, Defendant argued that Plaintiff did not meet the criteria for receiving the benefit at issue and referenced "approximately 238 additional individuals who could also then be eligible for the benefit." (Doc. 17, at 1-2; Doc. 22, at 2.)

In its response to Plaintiff's motion, Defendant specifically acknowledges existence of the list.

> The list of 238 includes, for instance, school nurses because they are not 'teachers.' The list includes employees who will not be eligible for Social Security retirement benefits until after 2030. The list includes all sorts of employees who, for reasons entirely different from Plaintiff, would not have been eligible for retirement benefits.

---

[1] The case was removed to federal court by Defendant on March 2, 2011. (Doc. 1.)

[2] The "Part B Phase Out Option" is defined in Plaintiff's Petition as well. (Doc. 1-1, at 4-5.)

(Doc. 22, at 2.) Defendant argues, however, that the list is not relevant to these proceedings. (*Id.*)

## DISCUSSION

Fed. R. Civ. P. 26(b) states that "[p]arties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party . . . Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." As such, the requested information must be both nonprivileged and relevant to be discoverable. Defendant has made no objections based on claims of privilege, but rather contends that the requested information is "entirely irrelevant" to the proceedings. (*See* 22, at 2.) The Court's analysis will, therefore, address the issue of relevance.

"'Discovery relevance is minimal relevance,' which means it is possible and reasonably calculated that the request will lead to the discovery of admissible evidence." **Teichgraeber v. Memorial Union Corp. of Emporia State University**, 932 F.Supp. 1263, 1265 (D. Kan. 1996) (internal citation omitted). "Relevance is broadly construed at the discovery stage of the litigation and a request for discovery should be considered relevant if there is any possibility the information sought may be relevant to the subject matter of the action." **Smith v. MCI**

3

*Telecommunications Corp.*, 137 F.R.D. 25, 27 (D.Kan.1991).  Stated another way, "discovery should ordinarily be allowed unless it is clear that the information sought can have no possible bearing on the subject matter of the action."  *Snowden By and Through Victor v. Connaught Lab.*, 137 F.R.D. 325, 341 (D.Kan.1991), appeal denied, 1991 WL 60514 (D.Kan. Mar. 29, 1991).

The Court finds that Plaintiff's discovery request at issue to meet "the broad and liberal construction afforded by the federal discovery rules," *Sonnino v. University of Kansas Hosp. Authority*, 221 F.R.D. 661, 670-171 (D.Kan. 2004), and are discoverable.  The Court acknowledges Defendant's contention that the list includes individuals who "were ineligible for retirement benefits for entirely different reasons" than Plaintiff.  (Doc. 22, at 5.)  The fact remains, however, that Defendant has determined that all of these individuals – like Plaintiff – are ineligible for the retirement benefits at issue.  As such, the Court cannot say that it is "clear that the information sought can have no possible bearing on the subject matter of the action."  *Snowden*, 137 F.R.D. at 341.

Defendant also infers that having to produce the requested information would be a "massive, burdensome undertaking . . . ."  (Doc. 22, at 6; *see also generally* Doc. 17-1.)  The Court finds this argument puzzling considering it is uncontroverted that the list at issue already exists.  (*See* Doc. 22, at 2.)  The Court

4

fails to see – and Defendant fails to explain – what type of "massive, burdensome undertaking" would result from the Court compelling Defendant to produce information that, for the most part, has already compiled.  Because the Court does not find the discovery requests to be overly broad on their face, it is Defendant's duty to substantiate its overbreadth objection.  ***G.D. v. Monarch Plastic Surgery, P.A.***, No. 06-2184-CM, 2007 WL 201150, at *2 (D. Kan. Jan. 22, 2007).  Defendant has failed to do so and this objection is summarily overruled.

As such, Plaintiff's motion to compel is **GRANTED**.  Defendant shall produce the requested information to Plaintiff in its entirety on or before **December 5, 2011**.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Compel (Doc. 16) **GRANTED** as more fully set forth above.

**IT IS SO ORDERED.**

Dated at Wichita, Kansas, on this 21st day of November, 2011.

                                            S/KENNETH G. GALE
                                            KENNETH G. GALE
                                            United States Magistrate Judge