IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

ANNE WARKENTINE,

            Plaintiff,

v.

SALINA PUBLIC SCHOOLS UNIFIED
DISTRICT NO. 305,

            Defendant.

Case No.: 11-CV-4022-JAR/KGG

## MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT

COMES NOW Defendant Salina Public Schools Unified District No. 305 ("USD 305"), by and through its undersigned counsel, and responds as follows in opposition to Plaintiff's Motion for Leave to File Second Amended Complaint (Doc. 34).

### INTRODUCTION

Plaintiff filed a Motion for Leave to File a Second Amended Complaint that added a claim for a breach of the implied covenant of good faith and fair dealing. Plaintiff alleges that the District breached this covenant during the grievance procedure when it argued that using Plaintiff's interpretation of Part B of the District's Early Retirement Incentive program would make 238 ineligible for benefits suddenly eligible and cost the District over $8,000,000. Plaintiff's motion for leave to insert a good faith and fair dealing claim should be denied because she cannot hinge a claim upon "absolutely privileged" statements tendered at quasi-judicial proceedings. Furthermore, the implied contractual duty of good faith and fair dealing does not apply in post-contractual and post-performance negotiations and proceedings aimed at resolving allegations of a contractual breach.

## ARGUMENTS AND AUTHORITIES

I.    **Plaintiffs' Motion to Amend is Futile Because it Wouldn't Withstand a Motion to Dismiss.**

A court may deny a motion to amend as futile if the proposed amendment would not withstand a motion to dismiss or if it fails to state a claim upon which relief may be granted. *Ketchum v. Cruz*, 961 F.2d 916, 920 (10th Cir. 1992); *Stewart v. Bd. of Comm'rs for Shawnee County*, 216 F.R.D. 662, 664 (D. Kan. 2003); *Lyle v. Commodity Credit Corp.*, 898 F. Supp. 808, 810 (D. Kan. 1995).  In order to determine whether a proposed amendment is futile, the court must analyze the proposed amendment as if it were before the court on a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).  *Sheldon v. Vermonty*, 204 F.R.D. 679, 682 (D. Kan. 2001).  An action is subject to dismissal for failure to state a claim if the allegations advanced by the plaintiff do not "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007).  Plaintiff cannot hinge a claim upon privileged statements made during a quasi-judicial proceeding such as an arbitration.  And her attempt to extend the duty of good faith and fair dealing to proceedings that occur after contractual performance finds no support in the law, her claim would not withstand a motion to dismiss.  Consequently, leave to amend should be denied.[1]

II.   **"Absolutely Privileged" Statements Tendered During the Level Five Arbitration Cannot Form the Basis of a Good Faith and Fair Dealing Claim.**

Plaintiff contends that the District breached its duty of good faith and fair dealing when its agents made particular statements during an arbitration proceeding.  The quasi-judicial nature of this arbitration proceeding is evidenced by the adversarial nature of Defendant's "Level V Advisory Arbitration" brief attached as an Exhibit to Plaintiff's proposed Second Amended

---

[1]   Defendant does not oppose Plaintiff's motion for leave to amend to the extent she seeks to remove allegations relating to a class action.

Complaint, and by the fact that counsel represented Plaintiff at the arbitration.  Under Kansas law, representations during judicial proceedings are absolutely privileged communications and cannot form the basis for a legal claim.  *Froelich v. Adair*, 213 Kan. 357 (1973).  This "absolute privilege" has been extended to quasi-judicial proceedings such as arbitrations.  *Schulze v. Bd. of Education,* 221 Kan. 351, 353 (1977) ("The pivotal issues in this case [include] . . . whether the hearing was a quasi-judicial function. If so, the board had the power to conduct the hearing and issue a reprimand, protected from liability for civil suits[.]"); *Clear Water Truck Co., Inc. v. M. Bruenger & Co., Inc.,* 214 Kan. 139, 143 (1974) ("The affidavit of Hoover was incorporated in a pleading filed by defendants who were party litigants in the quasi-judicial proceedings before the Commission. All of the elements necessary to maintain the defense of absolute privilege are shown.").  Because any statement made during the quasi-judicial arbitration, or in arbitration filings leading up to it, was absolutely privileged, Plaintiff's good faith and fair dealing claim fails.

**III.   The Duty of Good Faith and Fair Dealing Does Not Extend to Post-Performance Efforts to Resolve a Claim of Alleged Breach.**

"The duty of good faith and fair dealing is implied in every contract, with the exception of employment-at-will contracts. The duty includes intentionally and purposely doing anything to prevent the other party from carrying out his or her part of the agreement or doing anything which will have the effect of destroying or injuring the right of the other party to receive the fruits of the contract."  *Bank of America v. Narula*, 46 Kan. App. 2d 142, 143 Syl. ¶ 11 (2011).

Defendant has searched in vain for a single Kansas case in which a plaintiff has attempted to predicate a good faith and fair dealing claim upon negotiations or proceedings aimed at curing an alleged existing contractual breach.  However, other jurisdictions have rejected such claims when based upon post-contractual, post-performance activities.  "[T]he

implied covenant of good faith and fair dealing is limited to performance under a contract and does not encompass future dealings or negotiations between the parties." *G.B.J. Corp. v. Eastern Ohio Paving Co.*, 950 F. Supp. 816, 822 (N.D.Ohio 1996). Similar to *G.B.J. Corp.,* in *Grand Union Supermarkets, Virgin Isl. v. Lockhart Mgnt.*, the court dismissed the plaintiff's claim for breach of the duty of good faith and fair dealing holding that none of the facts supported the claim. 2005 U.S. Dist. Lexis 158 (D.V.I., 2005). The plaintiff in *Grand Union* argued that the claim stemmed from the negotiation process that resulted in the mediated settlement agreement and release rather than from the actual performance or execution of a contract. Because nothing in the negotiation process related to the <u>performance</u> of a contract, the court dismissed the plaintiff's claim.

Although claims relating to post-performance activities are rare, courts routinely hold that the implied duty of good faith and fair dealing does not apply to pre-formation activities such as contract negotiations. *See, e.g., Baldwin v. Laurel Ford Lincoln-Mercury, Inc.*, 32 F. Supp.2d 894, 899, (S.D.Miss. 1998) (citing Restatement (Second) of Contracts § 205 cmt. c. (1981)); *see also Henkin v. Skane-Gripen A.B.*, 986 F.2d 1424 (Table), 1993 WL 36870 (7th Cir.(Ind.), Feb 12, 1993) (NO. 91-3338) (granting summary judgment for defendants where plaintiff's allegations that defendants breached the duty of good faith and fair dealing were based only on negotiation process). For purposes of determining the applicability of the duty of good faith and fair dealing, Defendant can discern no logical distinction between events occurring before contractual performance is to begin, and those occurring after contractual performance ends.

Because the duty of good faith and fair dealing attaches only to contractual performance, and not to pre- and post-contractual activities, Plaintiff's proposed claim fails.

## CONCLUSION

Plaintiff's Motion for Leave to File Second Amended Complaint should be denied as futile because the claim would not withstand a motion to dismiss.  The implied covenant at issue applies to contract performance, not subsequent negotiations.  Plaintiff's claim for breach of the implied covenant of good faith and fair dealing must, therefore, fail.

WHEREFORE, Defendant respectfully requests this Court deny in part Plaintiff's Motion For Leave to File Second Amended Complaint.

Respectfully submitted,

/s S. Douglas Mackay
S. Douglas Mackay
Jason D. Stitt
KUTAK ROCK LLP
1605 N. Waterfront Parkway, Suite 150
Wichita, KS 67206
Phone: (316) 609-7900
Fax: (316) 630-8021
doug.mackay@kutakrock.com
jason.stitt@kutakrock.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 29th day of March, 2012, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail address listed in the CM/ECF system records:

Nathanael Berg
David D. Moshier
Hampton & Royce, L.C.
119 W. Iron, Ninth Floor
P.O. Box 1247
Salina, Kansas 67402-1247

*Attorneys for Plaintiff*

**s/ S. Douglas Mackay**
S. Douglas Mackay