**HAMPTON & ROYCE, L.C.**
**United Building, Ninth Floor**
**119 West Iron Avenue**
**P.O. Box 1247**
**Salina, Kansas 67402-1247**
**(785) 827-7251 - Telephone**
**(785) 827-2815 - Telecopier**
**www.hamptonlaw.com - Internet**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| Anne Warkentine, ) | |
|         Plaintiff, ) | |
| vs. ) | Case No.: 11-CV-4022-JAR/KGG |
| ) | |
| Salina Public Schools ) | |
| Unified School District No. 305 ) | |
| ) | |
|         Defendant. ) | |

**REPLY MEMORANDUM TO DEFENDANT'S MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION TO AMEND**

Anne Warkentine, by and through her attorney of record, Nathanael Berg, replies as follows to Defendant's Memorandum in Opposition to Plaintiff's Motion to Amend.

**The grievance procedure is a contractual right**

Under Kansas law, a negotiated agreement "may include...procedures for final and binding arbitration of such disputes as may arise involving the interpretation, application or violation of such agreement." K.S.A. § 72-5424 (a). In this case, the negotiated agreement does not provide for binding arbitration, but does provide a grievance procedure to resolve disputes regarding the interpretation of an agreement which ends in an advisory arbitration. Further, an aggrieved party can seek court enforcement of any contractual right to arbitrate: "Where a party to such agreement is aggrieved by the failure, neglect or refusal of the other party to proceed to arbitration in the manner provided for in such agreement, such aggrieved party may file a complaint in court for a summary

action without jury seeking an order directing that the arbitration proceed in the manner provided for in such agreement." K.S.A. § 72-5424 (b).

USD 305 provides for a grievance procedure to all its teachers in its negotiated agreement. ( A copy of the grievance procedure is attached hereto as Exhibit A) Teachers are promised that this grievance procedure will be conducted in such a manner to obtain "equitable solutions to the problems which may from time to time arise affecting teachers."  It is important to note that even though the process is called a "grievance procedure" it is the avenue for disputes regarding the interpretation of contractual language. The negotiated agreement defines "grievance" as a "complaint by a teacher alleging a violation, misinterpretation, or misapplication of this negotiated agreement or a written contract." In other words, this grievance procedure is the contractual procedure to handle contract interpretations.

The grievance procedure provides for five different levels of grievance phases; from the principal to the executive Director of Administrative and Student Support Services to the Superintendent to the Board of Education to an "advisory arbitration." In the grievance procedures to the Board of Education and the advisory arbitration, USD 305 is represented by USD 305 administration. The advisory arbitration results in a decision from an arbitrator which is then either accepted or rejected by the Board of Education.

It should also be noted that Kansas law provides that professionals negotiations regarding teacher contracts must be conducted in good faith: "'Professional negotiation' means meeting, conferring, consulting and discussing in a good faith effort by both parties to reach agreement with respect to the terms and conditions of professional service." K.S.A. § 72-5413

USD 305 now apparently takes the position that while this grievance procedure may be a

contractual right a teacher possesses, there is no requirement that USD 305's contractual obligation be adhered to in good faith. USD 305 administration has an "absolute privilege" to make gross misrepresentations in the process of interpreting contractual provisions. Further, USD 305 implies that while it may have a statutory duty to negotiate the creation of the language in good faith, it has no duty to act in good faith during the contractual process to interpret the same language. USD 305's administration has an "absolute privilege" to mislead the Board of Education and the advisory arbitrator that a teacher's request for a contractual benefit would have an "adverse financial impact on the school district's operating budget" to the crushing weight of millions of dollars. While Ms. Warkentine can seek to compel that the grievance procedure "proceed in the manner provided for in such agreement," said manner does not have to include the manner proscribed in the contract itself of "equitable solutions."

USD 305 now attempts to confuse its contractual obligation as a "post-contractual negotiation and proceeding." But, the grievance procedure for interpreting contract language is an explicit contractual requirement. Ms. Warkentine is not seeking to amend her complaint for anything other than USD 305's actions during contractual obligations.

USD 305 also glosses over the policy for why an absolute privilege applies, and to whom it applies, in quasi-judicial proceedings. Instead USD 305 simply asserts that because there was an arbitration, albeit advisory, somewhere involved in one of the steps of the grievance procedure, its administration has no obligation to act in good faith in fulfilling its contractual obligation. The case of *Schulze v. Bd. of Education*, 221 Kan 351 (1977) is cited approvingly by USD 305 for this proposition. But that case explicitly provides the basis for the "absolute privilege:"

> The underlying principle upon which the doctrine of privileged communications rests is public policy. This is especially the case with absolute privilege. Judicial

> officials and administrative officials acting in a quasi-judicial capacity are charged with the responsibility of protecting the best interests of the public by hearing and weighing evidence and rendering a decision. It is in the interest of the public that the best qualified persons serve in that capacity and that they be exposed to all the facts. But it becomes impossible for such officers to act if they must fear civil action for the exercise of judicial judgment. The public good therefore requires the cloak of absolute immunity for these officials. As Judge Learned Hand stated in *Gregoire v. Biddle*, 177 F. 2d 579 (2d Cir. 1949), cert. denied 339 U.S. 949, 94 L. Ed. 1363, 70 S. Ct. 803:

*Schulze v. Board of Education*, 221 Kan. 351, 355-356 (1977). Ms. Warkentine is not seeking to amend her petition for actions conducted in a "quasi-judicial capacity." She is instead seeking to amend her petition to add a claim for gross misrepresentations made to both the Board of Education and the advisory arbitrator, both of whom would be the entities actually sitting in the "quasi-judicial capacity."

    Because this grievance procedure is a contractual benefit given to the teachers and a contractual obligation on USD 305, it must be conducted in good faith. Grossly misrepresenting the financial impact Ms. Warkentine's request would have on USD 305 at multiple occasions throughout the grievance procedure denied her the opportunity to exercise her rights under the grievance procedure provided by the negotiated agreement. It would be a strange result if the grievance procedure negotiated between the parties could be interpreted in such a fashion that the administration of USD 305 can grossly misrepresent the consequences of any decision the school board may make without there being any recourse whatsoever.

    WHEREFORE, for reasons set forth herein, Plaintiff Anne Warkentine respectfully requests that the Court permit her to Amend her Petition.

Respectfully Submitted:

By: s/ Nathanael Berg
Nathanael Berg, #22204, and
David D. Moshier, #9477 of
HAMPTON & ROYCE, L.C.
119 W. Iron, Ninth Floor
P.O. Box 1247
Salina, Kansas 67402-1247
(785) 827-7251
(785) 827-2815 Facsimile
Attorneys for Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify that on this 5th day of April, 2012, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record.

S. Douglas Mackey
Kutak Rock, LLP

 /s/ Nathanael Berg
Nathanael Berg