IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| ANNE WARKENTINE, )<br>)<br>Plaintiff, )<br>)<br>v.             )<br>)<br>SALINA PUBLIC SCHOOLS )<br>UNIFIED SCHOOL DIST. No. 305, )<br>)<br>Defendant.  )<br>_____ ) | Case No. 11-4022-JAR/KGG |

### ORDER GRANTING MOTION TO AMEND COMPLAINT

Before the Court is Plaintiff's Motion for Leave to Amend Complaint (Doc. 34). Plaintiff seeks to amend her Complaint to add a claim for breach of contract premised upon an alleged breach of the duty of good faith and fair dealing in Defendant's conduct during the contractually-provided grievance process. Plaintiff alleges that the facts supporting this claim were discovered during the present litigation. Defendant opposes the motion, arguing that the proposed amendment fails to state a plausible claim and is, thus, futile. (Doc. 36.) The Court finds that the proposed amendment survives Defendant's challenge and is not futile. As such, Plaintiff's motion should be **GRANTED**.

The proposed amendment requires leave of the Court, which should be freely given when "justice so requires." Fed.R.Civ.P.15(a)(2). Notably, Defendant does not oppose the proposed amendment based on a claim that Plaintiff has been dilatory in making the claim, or upon unfair prejudice. Defendant's opposition is limited to an argument that the new claim is futile because it fails to state a claim. The Court may deny a motion to amend upon that basis if the claim would fail to withstand a motion to dismiss under Fed.R.Civ.P. 12(b)(6). ***Stewart v. Board of Com'rs for Shawnee County, Kansas***, 216 F.R.D. 662, 664 (D. Kan. 2003). To survive such a challenge, the amendment must "state a claim to relief that is plausible on its face." ***Bell Atlantic Corp. v. Twombly***, 550 U.S. 544, 570 (2007).

Plaintiff's primary claims in this case concern an interpretation of her teaching contract which allegedly resulted in depriving her of expected retirement benefits. Plaintiff's proposed amendment focuses upon the grievance process and "advisory arbitration" provided in the negotiated agreement, which she engaged in an unsuccessful attempt to challenge the interpretation. She claims that the negotiated agreement is a contract subject to the implied covenant of good faith and fair dealing. She claims that Defendant breached this contractual duty when administration personnel falsely told the board and the arbitrator that interpreting

the agreement as urged by Plaintiff would make 238 additional employees eligible for benefits, thus making this interpretation cost-prohibitive.

Defendant's first argument that the proposed amendment is futile is based on a claim that the arbitration and grievance processes were "quasi-judicial in nature," thus making Defendant immune to actions based on statements made during the proceedings*.  See Schulze v. Bd. of Education*, 221 Kan. 351, 353 (1977)(school board hearing evidence and issuing sanctions to teacher is quasi-judicial and thus subject to immunity).  However, unlike a disciplinary action a school board hearing a grievance concerning a contract dispute is not quasi-judicial. *Schmidt v. Bd. of Education,* 24 Kan. App.2d 643 (1997).  Additionally, Defendant has not cited any authority supportive of a claim that a school board is immune from a claim that it breached its contractual promise to provide grievance or arbitration.  Based on the proposed amendment, the Court does not find that the amendment is futile based on judicial immunity.

Defendant's second argument is based on a claim that the duty of good faith and fair dealing does not extend to post-performance attempts to resolve a claim of alleged breach.  Defendant acknowledges that the doctrine addresses a duty to avoid intentionally preventing the other party from receiving the "fruits of the contract."  **Bank of America v. Narula**, 46 Kan. App. 2d 142 (2011).  However,

Defendant cites cases from other jurisdictions rejecting the doctrines application as to post-performance matters.

The flaw in Defendant's argument is that Plaintiff's claim concerns the performance of the contract itself.  The grievance and arbitration process is a benefit provided in the contract.  Thus, Plaintiff's right to that benefit is not post-performance, but is part of the contract.  The Court finds Defendant's arguments in this regard unpersuasive.

The Court finds that the proposed amendment states a plausible claim.  The motion to amend is **GRANTED**.  Plaintiff shall file her Second Amendment Complaint on or before July 16, 2012.

**IT IS SO ORDERED.**

Dated this 2nd day of July, 2012, at Wichita, Kansas.

S/ KENNETH G. GALE
Kenneth G. Gale
U.S. Magistrate Judge
