IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| ANNE WARKENTINE, individually and on behalf of a class of others similarly situated,<br><br>    Plaintiff,<br><br>vs.<br><br>SALINA PUBLIC SCHOOLS UNIFIED SCHOOL DISTRICT No. 305, | )<br>)<br>)<br>)<br>)<br>) Case No. 11-4022-JAR/KGG<br>)<br>)<br>)<br>)<br>) |

**MEMORANDUM AND ORDER**

  Plaintiff moves this Court to reconsider its ruling, made during the Pretrial Conference and memorialized in the Pretrial Order, denying Plaintiff's attempt to plead the remedy of equitable reformation of contract for mutual mistake. (Doc. 47; *see also* Doc. 45 at 9-13).  A motion for reconsideration must be based on (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error or prevent manifest injustice.  D. Kan. Rule 7.3(b).  Plaintiff's motion urges none of these grounds. Certainly, there is nothing in the current motion or order that would even suggest a change in law or new evidence.

  Plaintiff's primary argument is that the Court has misinterpreted its plea for

reformation as a claim rather than a remedy.  Much of Plaintiff's memorandum is aimed at explaining this distinction, while acknowledging that her theory is not embraced by all jurisdictions.  Plaintiff bemoans the Court's disallowance of the claim in the Pretrial Order, arguing it would be "a unique case not to permit the Plaintiff from using the specific factual allegations in its complaint because the word 'reformation' or 'mistake' does not appear in the Complaint."

Actually, the word "mistake" does appear in paragraph 30 of the Amended Complaint (Doc. 33).  In support of Plaintiff's claim of Promissory Estoppel, she alleges that Defendant's refusal to honor promises made to her, upon which she relied, "was willful and *not* the result of mistake or inadvertence" (emphasis added).   This factual claim is contrary to a claim of mutual mistake.

The Court's denial of the amendment requested at the Pretrial Conference was not because Plaintiff failed to use the word "reformation" in her Amended Complaint.  The Amended complaint makes no allegation that the parties mistakenly drafted the contract in a way they did not intend.  A factual claim of mutual mistake is not part and parcel of claims disputing the interpretation of a contract, or claims that the effect of the contract was intentionally misrepresented to the teachers.  The claim is of mutual mistake is substantially different from the facts alleged in the Amended Complaint and would require additional discovery.  Mistake must be specifically plead, and was not.  Fed.R.Civ.P. 9(b).  Plaintiff

failed to demonstrate good cause to amend to add a new previously unplead factual and legal theory at the time of the Pretrial Conference.

Whether to grant a motion for reconsideration is within the Court's discretion. *GFF Corp. v. Assoc. Wholesale Grocers, Inc.,* 130 F.3d 1381, 1386 (10th Cir. 1997). Plaintiff has failed to demonstrate that the Court's previous ruling is either clear error or causes manifest injustice. The motion for reconsideration is **DENIED**.

**IT IS SO ORDERED.**

Dated at Wichita, Kansas, on this 13th day of September, 2012.

                                           S/KENNETH G. GALE
                                           KENNETH G. GALE
                                           United States Magistrate Judge